Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Blvd., Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON BRADNI, YASAMIN BANAEI, and AREZOU GHOSEIRI, <br><br> Plaintiffs, <br><br> v. <br><br> HUNTER WARFIELD, INC., WATERTON RESIDENTIAL, L.L.C., TRANSUNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. and DOES 1 through 10 inclusive, <br><br> Defendants. | CASE NO.:    2:24-cv-2753 <br><br> COMPLAINT FOR DAMAGES |

Plaintiffs, by and through their attorney, Amir J. Goldstein, Esq., as and for their complaint against the Defendants HUNTER WARFIELD, INC., WATERTON RESIDENTIAL, L.L.C. , TRANSUNION, LLC and EXPERIAN INFORMATION SOLUTIONS, INC.  allege as follows:

**INTRODUCTION**

1.     This is an action for damages brought by individual consumers for Defendants' violations of: 15 U.S.C. §1692, et seq. or the Fair Debt Collection Practices Act ("FDCPA") and California Civil Code §1788, et seq. or the Rosenthal Fair Debt

1
Complaint for Damages

Collection Practices Act ("Rosenthal Act"), which prohibits creditors and/or debt collectors from engaging in abusive, deceptive and unfair practices. Plaintiffs also sue for breach of contract and allege violations under California's Consumer Credit Reporting Agency Act ("CCRAA"), (California Civil Code § 1785.1 et seq.), which requires maximum accuracy with regard to consumer credit reporting, Cal. Civil Code §1950.5 et seq., and California Business and Professions Code §17200 et seq.

## PARTIES

2.   Plaintiff Sharon Bradni ("Plaintiff Bradni") is a natural person residing in Fresno County, California and is a "consumer" as defined by Cal. Bus. & Prof. Code §17201 and 15 U.S.C. §1692 et seq.

3.   Plaintiff Yasamin Banaei ("Plaintiff Banaei") is a natural person residing in Los Angeles County, California and is a "consumer" as defined by Cal. Bus. & Prof. Code §17201 and 15 U.S.C. §1692 et seq.

4.   Plaintiff Arezou Ghoseiri ("Plaintiff Ghoseiri") is a natural person residing in Los Angeles County, California and is a "consumer" as defined by Cal. Bus. & Prof. Code §17201 and 15 U.S.C. §1692 et seq.

5.   Upon information and belief, Defendant Hunter Warfield, Inc. ("Defendant HW") is a "debt collector" as defined by 15 U.S.C. §1692 et seq. Defendant HW is also a "debt collector" and "creditor" as defined pursuant to Cal. Code §1788.2, authorized to do business in the state of California.

6.   Upon information and belief, Defendant Waterton Residential, LLC ("Defendant Waterton") is a "debt collector" and "creditor" as defined pursuant to Cal. Code §1788.2, authorized to do business in the state of California.

7.   That upon information and belief, Defendant Waterton acted as the agent and/or property management company for one Chase Knolls Garden Apartments ("Chase Knolls") - an apartment complex located in this district - at all relevant times herein.

8.     That upon information and belief, Defendant HW acted as the agent for Defendant Waterton and Chase Knolls at all relevant times herein.

9.     That upon information and belief, Defendant TransUnion, LLC ("Defendant TransUnion") is  a "consumer reporting agency" as defined in 15 U.S.C. §1681(f) and Cal. Civ. Code §1785.3, is authorized to do business in the state of California, has appeared as a defendant in this district and is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 U.S.C. §1681(d) for monetary compensation.

10.    That upon information and belief, Defendant Experian Information Solutions, Inc. ("Defendant Experian") is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f) and Cal. Civ. Code §1785.3, is authorized to do business in the state of California, has appeared as a defendant in this district and is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 U.S.C. §1681(d) for monetary compensation.

## JURISDICTION

11.    This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. § 1692k, 28 U.S.C. § 1331 and 28 U.S.C. §1367.  Venue is proper in this Court pursuant to 15 U.S.C. §§ 1391(b) and (c), as the Defendants regularly conduct business in this district.

## FACTUAL ALLEGATIONS

12.    The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

13.    That Plaintiff Banaei and Plaintiff Ghoseiri were former tenants of Chase Knolls, an apartment complex managed by Defendant Waterton.

Complaint for Damages

14.  That at the time Plaintiff Banaei and Plaintiff Ghoseiri moved into Chase Knolls, Plaintiff Bradni was a cosigner on their rental application.

15.  That in or about 2022, Plaintiff Banaei and Plaintiff Ghoseiri moved out of their rental unit at Chase Knolls.

16.  That at the time Plaintiff Banaei and Plaintiff Ghoseiri vacated their rental unit, their account was current with no balances owing, and no rent was past due.

17.  That Plaintiff Banaei and Plaintiff Ghoseiri were advised by Defendant Waterton that their security deposit would be applied toward miscellaneous fees and any other charges, including cleaning fees.

18.  That Plaintiff Banaei and Plaintiff Ghoseiri were not given any of their security deposit back.

19.  That Defendant Waterton and Chase Knolls did not provide any of the Plaintiffs with any invoices, close-out letters, itemization of costs and/or any notifications regarding their security deposit or any account balances at the time Plaintiff Banaei and Plaintiff Ghoseiri vacated their rental unit, or at any time thereafter.

*Count One*

20.  The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

21.  That in or about November 2023, Plaintiff Bradni attempted to apply for financing to purchase some real property.

22.  That in or about November 2023, Plaintiff Bradni's credit reports were pulled.

23.  That in or about November 2023, Plaintiff Bradni discovered a negative tradeline on her TransUnion and Experian credit reports.

24.  That the negative tradeline on Plaintiff Bradni's credit reports was a collections account reported by Defendant HW.

25.  That the same collections account reported by Defendant HW appeared on Plaintiff Ghoseiri's credit reports as well.

26. That according to Plaintiffs' credit reports, the negative tradeline reported by Defendant HW listed the "original creditor" as Chase Knolls.

27. That as of November 2023, according to Plaintiffs' credit reports, Defendant Waterton was reporting a $0 balance and $0 past due balance on Plaintiffs' credit reports.

28. That Defendants HW and Waterton reported conflicting, inaccurate and misleading information regarding the status of the Plaintiffs' purported account to the credit bureaus.

29. That Plaintiff Bradni's application for financing was adversely affected as a result of the credit reporting by Defendants.

30. That as a result of Defendants' conduct, Plaintiffs suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

31. That as a result of the conduct by Defendants, Plaintiffs suffered damages.

*Count Two*

32. The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

33. That Plaintiff Bradni immediately contacted Defendant HW to get more information about the collection account it was reporting.

34. That Defendant HW advised Plaintiff Bradni that the collections account was for a past due balance of approximately $667.05 owed to Chase Knolls.

35. That the statements made by Defendant HW's agent caused Plaintiff Bradni great distress, anxiety and panic.

36. That Defendant HW's agent abused and harassed Plaintiff Bradni and made her feel like a criminal.

37. That as a result of Defendant HW's communications, Plaintiff Bradni felt extreme pressure to make a payment that very same day.

38. That Defendant HW advised Plaintiff Bradni that if she paid off the account, it would provide her with a letter of deletion so that she could proceed with her loan application(s).

39. That in reliance on the statements made by Defendant HW's agent, Plaintiff Bradni immediately paid off the alleged balance of $667.05 to Defendant HW over the phone.

40. That during the course of Plaintiff Bradni's communications with Defendant HW's agent, the agent made false and/or misleading representations as they pertain to the consumer's debt status as well as false and deceptive statements with regard to the consumer's debt/payment history, all in an effort to coerce full payment under duress.

41. That upon information and belief, Defendant HW made false, misleading and deceptive representations to Plaintiff Bradni.

42. That Defendant HW's agent gave Plaintiff Bradi inaccurate and misleading information regarding the status of the alleged account.

43. That upon information and belief, Defendant HW provided inaccurate and conflicting information regarding the alleged account and mischaracterized the status of the purported debt.

44. That the communications made by Defendant HW contained misleading and overshadowing language, confusing the Plaintiff as to her consumer rights.

45. That as a result of the false and misleading representations made by Defendant HW, Plaintiff suffered immediate panic, overwhelming anxiety, sleepless nights and crippling stress over the alleged collections account.

46. That as a result of the false and misleading representations made by Defendant HW, Plaintiff Bradni suffered monetary damages.

47. That as a result of the misrepresentations and unlawful conduct of Defendant HW, Plaintiffs suffered damages.

*Count Three*

48.    The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

49.    That immediately following her phone call with Defendant HW, Plaintiff Bradni contacted Plaintiffs Banaei and Plaintiff Ghoseiri to discuss the outstanding balance purportedly owed to Chase Knolls and/or Defendant Waterton.

50.    That Plaintiffs Banaei and Plaintiff Ghoseiri were unaware of any outstanding balances owed to Chase Knolls and/or Defendant Waterton.

51.    That Plaintiff Banaei contacted Defendant Waterton's agents at Chase Knolls for clarification but could not get any clear, substantive answers as to what the account balance was for.

52.    That Plaintiff Banaei advised Defendant Waterton's agent(s) that although she had been in contact with their agents and physically visited Chase Knolls over the course of the past year to pick up miscellaneous mail and packages, she was never made aware about an outstanding balance.

53.    That Plaintiff Banaei repeatedly attempted to obtain clarity and accurate information from Defendant Waterton, but to no avail.

54.    That during the course of Plaintiff Banaei's communications with Defendant Waterton's agent(s), the agent(s) threatened Plaintiff and advised her, in pertinent part, "once it gets sent over to the attorneys, that's who you have to deal with…"

55.    That during the course of Plaintiff Banaei's communications with Defendant Waterton's agent(s), the agent(s) made false and/or misleading representations as they pertain to the consumer's debt status as well as false and deceptive statements with regard to the consumer's debt/payment history.

56.    That Defendant Waterton's agent(s) gave Plaintiff Banaei inaccurate and misleading information regarding the status of the alleged account.

57.    That upon information and belief, Defendant Waterton made false, misleading and deceptive representations to Plaintiff Banaei and Plaintiff Ghoseiri.

7
Complaint for Damages

58. That upon information and belief, Defendant Waterton provided inaccurate and conflicting information regarding the alleged account and mischaracterized the status of the purported debt.

59. That the communications made by Defendant Waterton contained misleading and overshadowing language, confusing Plaintiff Banaei and Plaintiff Ghoseiri as to their consumer rights.

60. That as a result of the false and misleading representations made by Defendant Waterton, Plaintiffs suffered immediate panic, overwhelming anxiety, sleepless nights and crippling stress over the alleged collections account.

61. That as a result of the misrepresentations and unlawful conduct of Defendant Waterton, Plaintiffs suffered damages.

*Count Four*

62. The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

63. That Plaintiffs Banaei and Plaintiff Ghoseiri also contacted Defendant HW for information regarding the alleged collections account.

64. That the agent(s) of Defendant HW advised Plaintiffs that alleged account was sent to collections by Chase Knolls and by its agent, Defendant Waterton.

65. That upon information and belief, the alleged account was sent to collections in error.

66. That Chase Knolls, through its agent, Defendant Waterton, cancelled the account with Defendant HW and requested a refund be issued to the Plaintiffs.

67. That on or about November 30, 2023, the $667.05 payment that Plaintiff Bradni previously made to Defendant HW was credited back to her account.

68. That as a result of the misrepresentations and unlawful conduct of the Defendants, Plaintiffs suffered damages.

*Count Five*

69.    The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

70.    That Plaintiffs repeatedly followed up with Defendant HW on the request for deletion that was previously promised to Plaintiff Bradni upon her payment.

71.    That during one phone call with Defendant HW, Defendant HW's agent deceptively advised Plaintiffs that no such letter would ever have been offered because they "don't impact credit."

72.    That during a subsequent phone call with Defendant HW, the agent made misrepresentations and misleading statements, telling Plaintiffs that the account paid off by Plaintiff Bradni was in "pre-collections" and was never reported to the credit bureaus.

73.    That during said phone call, Defendant HW's agent told Plaintiffs, in pertinent part, that a duplicate account was erroneously reported.

74.    That during said phone call, Defendant HW's agent told Plaintiffs, in pertinent part, that a mistake was made and the same account was submitted twice to collections.

75.    That during the course of Plaintiffs' communications with Defendant HW's agent(s), the agent(s) made false and/or misleading representations as they pertain to the consumer's debt status as well as false and deceptive statements with regard to the consumer's debt/payment history, all in an effort to coerce full payment under duress.

76.    That Defendant HW's agent(s) gave Plaintiffs inaccurate and misleading information regarding the status of the alleged account.

77.    That upon information and belief, Defendant HW made false, misleading and deceptive representations to Plaintiffs.

78.    That upon information and belief, Defendant HW provided inaccurate and conflicting information regarding the alleged account and mischaracterized the status of the purported debt.

79. That the communications made by Defendant HW contained misleading and overshadowing language, confusing Plaintiffs as to their consumer rights.

80. That the Defendants Waterton and HW provided conflicting and inaccurate information regarding the history and balance on the alleged account.

81. That the Defendants Waterton and HW provided conflicting and inaccurate information regarding the history and balance on the alleged account to the credit bureaus.

82. That the Defendants Waterton and HW mischaracterized the amount and status of the alleged debt.

83. That the Defendants Waterton and HW were attempting to collect on an invalid debt.

84. That the Defendants Waterton and HW were attempting to collect on an amount that is neither authorized by agreement nor permitted by law.

85. That the Defendants Waterton and HW engaged in conduct which was meant to harass, oppress and abuse the Plaintiffs in an effort to coerce payment under duress.

86. That as a result of Defendants' conduct, Plaintiffs suffered damages.

*Count Six*

87. The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

88. That Defendant HW did not provide Plaintiffs with an initial dunning notice as required by law.

89. That Defendant HW failed to provide Plaintiffs with a "validation notice" as required by statute, and failed to advise the Plaintiff of the following: (1) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (2) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against

10
Complaint for Damages

the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (3) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

90. That Defendant HW's communications were overshadowing and contradicted Plaintiffs' rights.

91. That Defendant HW's failure to provide mandated notices is deceptive, misleading and constitutes unfair collection practices.

92. That as a result of Defendant HW's conduct, Plaintiffs suffered damages.

*Count Seven*

93. The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

94. That upon information and belief, Defendant HW was an agent of Defendant Waterton at all relevant times herein.

95. That upon information and belief, Defendant Waterton exercised control over Defendant HW's actions and collection activities.

96. That upon information and belief, Defendant Waterton ratified the conduct of Defendant HW.

97. That upon information and belief, Defendant Waterton was negligent in selecting Defendant HW as its agent.

98. That upon information and belief, Defendant Waterton failed to prevent and/or remedy the unlawful conduct of its agent, Defendant HW

99. That as a result of Defendant Waterton's negligence and unlawful conduct, Plaintiff suffered damages.

Complaint for Damages

**AS AND FOR A CAUSE OF ACTION AGAINST DEFENDANTS**

**HUNTER WARFIELD, INC. and WATERTON RESIDENTIAL, LLC**

100. The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

101. That by its acts and practices as hereinabove described, Defendants willfully and intentionally violated the FDCPA by attempting to collect on an invalid debt, by mischaracterizing the amount and status of the alleged debt and by failing to provide accurate information and adequate disclosures to the Plaintiffs.

102. That Defendants' conduct and communications contained language demonstrating false statements and deceptive misrepresentations in violation of the FDCPA.

103. That Defendants' conduct violates 15 U.S.C. 1692 et seq., including but not limited to the following subsections, in that the representations made by the Defendants are harassing, confusing, misleading, deceptive and unfair:

a. Defendants violated 15 U.S.C. §1692d by abusing and harassing the Plaintiffs and by failing to provide meaningful disclosures;

b. Defendants violated 15 U.S.C. §1692e by falsely representing the character, amount, or legal status of the alleged debt; by threatening to take any action that cannot be legally be taken; by using false representations; by communicating credit information which is known or which should be known to be false; and by using deceptive means to collect the alleged debt;

c. Defendants violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

d. Defendants violated 15 U.S.C. §1692g by failing to provide a proper validation notice; by failing to verify the alleged debt upon Plaintiff's written dispute; by failing to cease collection efforts despite receipt of the Plaintiff's written dispute; by using misleading and overshadowing language in an attempt to collect the alleged debt; by contradicting and mischaracterizing Plaintiff's rights; and by mischaracterizing the status of the account and the alleged amount owed.

104. That Defendants engage in a pattern or practice of communicating with consumers where the representations made by the Defendants are harassing, threatening, confusing, misleading, deceptive and/or unfair, all in an effort to collect on alleged debts.

105. That as a result of Defendants' conduct, Plaintiffs have been harmed and have suffered damages in the form of monetary losses, loss of credit, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

106. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendants are liable to the Plaintiffs for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

**AS AND FOR A CAUSE OF ACTION AGAINST DEFENDANTS**

**HUNTER WARFIELD, INC. and WATERTON RESIDENTIAL, LLC**

107. Plaintiffs repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

108. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts. By its acts and practices as hereinabove described, the Defendants have violated the Rosenthal Act as follows, without limitation:

　　a. Defendants have violated §1788.10(f) which prohibits threats to take actions against the debtor which is prohibited by said title;

　　b. Defendants have violated §1788.13 by making false and deceptive representations; and

　　c. By the above-referenced violations of the FDCPA, Defendants have violated §1788.17.

109. That as a result of Defendants' conduct, Plaintiffs have been harmed and have suffered damages in the form of monetary losses, loss of credit, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

110. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiffs are entitled to recover actual damages sustained as a result of the Defendants' violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiffs, which damages are in an amount to be proven at trial.

111. In addition, because the Defendants' violations of the Rosenthal Act were committed willingly and knowingly, Plaintiffs are entitled to recover, in addition to actual damages, penalties of at least $1,000.00 per violation as provided by the Act.

112. Pursuant to § 1788.30(c) of the Rosenthal Act, Plaintiffs are entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

## AS AND FOR A CAUSE OF ACTION AGAINST
## DEFENDANT WATERTON RESIDENTIAL, LLC

113. The Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

114. That California Code of Civil Procedure §1950.5 governs landlord and tenant rights with regard to security deposits on rental properties.

115. That pursuant to Cal. Civil Code §1950.5 et seq., Defendant Waterton wrongfully withheld Plaintiffs' security deposit and failed to give Plaintiffs adequate disclosures and documentation upon vacating their rental unit.

116. That as a result of Defendant's conduct, Plaintiffs suffered damages.

117. That as per Cal. Civil Code §1950.5 et seq., and as a result of the above violations, Defendant Waterton is liable to the Plaintiffs for statutory, actual and punitive damages.

## AS AND FOR A CAUSE OF ACTION AGAINST
## DEFENDANT HUNTER WARFIELD, INC.

118.  Plaintiffs repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

119.  California Civil Code §1785.25 prohibits a person from furnishing information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.[1]

120.  That by its acts and practices as hereinabove described, Defendant HW willfully and intentionally violated Cal. Civ. Code §1785.25 by providing incomplete and inaccurate information to various consumer reporting agencies.[2]

121.  That Plaintiffs are entitled to actual, statutory and punitive damages and attorney's fees and costs pursuant to Cal. Civ. Code §1785.31.[3]

## AS AND FOR A CAUSE OF ACTION AGAINST
## DEFENDANTS TRANSUNION & EXPERIAN

122.  Plaintiffs repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

123.  That by their acts and practices as hereinabove described, Defendants TransUnion and Experian willfully and intentionally violated Cal. Civ. Code §1785.14 (b) by failing to

---

[1] The private right of action to enforce provision of California credit reporting law proscribing the furnishing of incomplete or inaccurate information to consumer credit reporting agency is not preempted by the FCRA. Fair Credit Reporting Act, § 605 et seq., 15 U.S.C.A. § 1681c et seq.; West's Ann. Cal. Civ. Code § 1785.25(a).

[2] Unlike the FCRA, there is no notice requirement under the California Code. This violation is triggered upon the initial furnishing of inaccurate information, regardless of the date when a subsequent dispute is made. CA Civil Code § 1785.25(a).

[3] California Civil Code §1785.31 provides a remedy for "negligent" and "willful" violations of the CCRAA. An individual who suffers damages as a result of the violation can recover actual damages, including attorney's fees and court costs, as well as punitive damages up to a maximum amount of $5,000 for willful violations.

follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiffs.

124. That by their acts and practices as hereinabove described, Defendants TransUnion and Experian willfully and intentionally violated Cal. Civ. Code §1785.16 for the following acts, which include, but are not limited to: by publishing inaccurate credit information regarding the Plaintiffs and failing to correct and/or delete inaccurate information on Plaintiffs' credit reports.

125. That Plaintiffs are entitled to actual, statutory and punitive damages and attorney's fees and costs pursuant to Cal. Civ. Code §1785.31.

### AS AND FOR A CAUSE OF ACTION AGAINST ALL DEFENDANTS

126. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

127. That the Defendants breached their respective contracts with the Plaintiffs by the following acts which include, but are not limited to: making various misrepresentations and confusing statements; communicating false information; and for failing to provide proper disclosures.

128. That as a result of the Defendants' conduct, the Plaintiffs suffered damages.

### AS AND FOR A CAUSE OF ACTION AGAINST ALL DEFENDANTS

129. Plaintiffs repeat and reallege each and every allegation set forth above as if reasserted and realleged herein.

130. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

131. That Defendants, by engaging the acts hereinabove described, have committed violations and that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

132.  That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

133.  That consumers, like the Plaintiffs, are likely to be deceived, and that the Plaintiffs were in fact deceived, by Defendants' conduct.

134.  That the Defendants have been unjustly enriched by committing said acts.

135.  That as a result of Defendants' conduct, Plaintiffs have been harmed and have suffered damages in the form of monetary losses, loss of credit, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

136.  That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, the Plaintiffs have suffered substantial injury in fact and lost money and/or property.

137.  That pursuant to California Business and Professions Code § 17200, et seq., the Plaintiffs are entitled to recover actual damages and restitution.


**WHEREFORE,** Plaintiffs respectfully pray that judgment be entered against the Defendants in the amount of:

1.  Statutory damages and actual damages provided by statute, including, but not limited to: 15 U.S.C. § 1692k, California Civil Code §1788.30 et seq. California Civil Code §1785.31, Cal. Business and Professions Code §17200, et seq and Cal. Civ. Code §3294 in an amount to be determined at the time of trial;

2.  Statutory, actual and punitive damages pursuant to California Civil Code §1950.5 in an amount to be determined at the time of trial;

3.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, California Civil Code §1788.30, et seq.; common law; and/or the Court's inherent power;

4.  Equitable and injunctive relief;

5.  Restitution; and

6.  For such other and further relief as may be just and proper.

**JURY DEMAND**

Plaintiffs request trial by jury on all issues so triable.


Dated: April 4, 2024                                   AMIR J. GOLDSTEIN, ESQ.

                                                     ___/S/ Amir J. Goldstein_____
                                                     Amir J. Goldstein, Esq.
                                                     **Attorney for Plaintiffs**
                                                     7304 Beverly Blvd., Suite 212
                                                     Los Angeles, CA 90036
                                                     Tel 323.937.0400
                                                     Fax 866.288.9194

Complaint for Damages